UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT


- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          3:12CR00017(AWT)

   vs.

JOHN MILLER
         HARTFORD, CONNECTICUT
      Defendant  SEPTEMBER 21, 2012

- - - - - - - - - - - - - - - x


## **CHANGE OF PLEA**


  BEFORE:

   HON. ALVIN W. THOMPSON, Chief U.S.D.J.


APPEARANCES:


  FOR THE GOVERNMENT:

   U.S. ATTORNEY'S OFFICE
   157 Church Street
   P.O. Box 1824; 23rd Floor
   New Haven, Connecticut 06510.
   BY:  DIERDRA M. DALY, AUSA

  FOR THE DEFENDANT:

   ZINGARO & CRETELLA
   1087 Broad Street
   Bridgeport, Connecticut  06604
   BY:  DONALD J. CRETELLA, JR., ESQ.


        Corinna F. Thompson, RPR
        Official Court Reporter

1        **4:26 PM**

2            THE COURT:  Good afternoon.  Please be seated

3    everyone.

4            MS. DALY:  Good afternoon, Your Honor.

5            THE COURT:  We are here this afternoon in the

6    matter of United States of America versus John Miller.

7    The docket number is 3:12CR17.

8                Would counsel please state their

9    appearances for the record and identify anyone at

10   counsel table with you.

11           MS. DALY:  Your Honor, my name is Dierdre Daly

12   and I'm here on behalf of the United States.  With me

13   are two agents of New York FBI office, Jeremy Bell and

14   Bob Silveri.

15           THE COURT:  Thank you.

16           MR. CRETELLA:  Good afternoon, Your Honor.

17   Don Cretella for Mr. Miller who's seated next to me.

18           THE COURT:  Thank you.

19               Ms. Daly, I understand the purpose of

20   today's proceeding to accept a change of plea; is that

21   correct?

22           MS. DALY:  That is correct.  And I'd just like

23   to thank the Court for accommodating us on such short

24   notice.

25           THE COURT:  That's fine.  And I believe we

1     have one other additional matter that's part of the

2     change of plea which is not going to be conducted

3     under seal?

4           MS. DALY:  That's correct, Your Honor.

5           THE COURT:  I might do that at the tail end of

6     reviewing the plea agreement in that case.

7           MS. DALY:  That would be fine.

8           THE COURT:  Is that agreeable?

9           MR. CRETELLA:  Yes, Your Honor.

10          THE COURT:  Are you agreeable to that,

11     Mr. Cretella?

12          MR. CRETELLA:  Yes, Your Honor.

13          THE COURT:  Mr. Miller, I believe you've been

14     advised of your rights on a prior occasion, but I am

15     going to review them again because I want to be

16     certain that you understand them.  Please listen

17     carefully as I do so.

18           You have a right to remain silent; that

19     is, you are not required to make any statement.  If

20     you do make a statement, that statement can and

21     probably will be used against you.

22           Do you understand that, sir?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Now, if at any time you have

25     already made a statement, you need not continue; that

1    is, if you start to make a statement you may stop at

2    any time.

3            Do you understand that, sir?

4        THE DEFENDANT:  Yes.

5        THE COURT:  You have a right to counsel; that

6    is, you have a right to be represented by an attorney

7    at every stage of the proceedings against you.  You

8    are currently represented by Attorney Cretella, but if

9    at some point in the future you are not and you cannot

10    afford counsel, one will be appointed for you by the

11    court at no cost to you.

12            Do you understand that, sir?

13        THE DEFENDANT:  Yes, sir.

14        THE COURT:  Ms. Daly, what is the nature of

15    the charge against Mr. Miller and the maximum sentence

16    to which he could be exposed if convicted?

17        MS. DALY:  Your Honor, the defendant is going

18    to plead guilty to the last count in the Indictment,

19    Count 10.  It is a violation of 18 United States Code

20    Section 242 which relates to the deprivation of civil

21    rights.  In this case it's an excessive force count.

22    The maximum penalty is 10 years in prison, a $250,000

23    fine and three years of supervised release.

24        THE COURT:  Thank you.

25            Mr. Miller, before accepting your guilty

1    plea there are a number of questions I must ask you

2    while are you under oath to assure that it is a valid

3    plea.  I may at times cover a point more than once,

4    but if I do, that will be because it is very important

5    that you understand everything that is happening here

6    today.  And if do you not understand any of my

7    questions, please do not hesitate to say so and I will

8    restate the question or ask that you talk with your

9    attorney.

10                   Do you understand that, sir?

11              THE DEFENDANT:  Yes, sir.

12              THE COURT:  Would you please stand so the

13   Clerk can administer the oath.

14                   (Defendant sworn in by Clerk.)

15              THE DEFENDANT:  I do.

16              THE COURT:  Please be seated, sir.

17                   Mr. Miller, do you understand that now

18   that you've taken this oath your answers to my

19   questions will be subject to the penalties for perjury

20   or for making a false statement if you do not answer

21   truthfully?

22              THE DEFENDANT:  Yes, sir.

23              THE COURT:  Would you please state your full

24   name, sir.

25              THE DEFENDANT:  John Vincent Miller.

```
1          THE COURT:  Have you ever used any other
2     names?
3          THE DEFENDANT:  No, I have not.
4          THE COURT:  Could you tell me how old you are.
5          THE DEFENDANT:  Forty-three.
6          THE COURT:  Could you tell me how much
7     education you have, sir?
8          THE DEFENDANT:  I have a Bachelor's degree.
9
10         (Proceedings held in camera under seal
11    until further order of the Court)
12
13         THE COURT:  Have you ever been hospitalized
14    for alcoholism or narcotics addiction?
15         THE DEFENDANT:  No, I have not.
16         THE COURT:  Is your mind clear at this time?
17         THE DEFENDANT:  Yes, it is.
18         THE COURT:  And you understand everything that
19    is going on here?
20         THE DEFENDANT:  Yes, I do.
21         THE COURT:  Thank you.
22         Mr. Cretella, have you had any difficulty
23    in communicating with the defendant?
24         THE DEFENDANT:  I have not, Your Honor.
25         THE COURT:  And have you discussed this case
```

1    with your client?

2              MR. CRETELLA:  I have.

3              THE COURT:  Do you believe he understands the

4    rights he will be waiving by pleading guilty?

5              MR. CRETELLA:  I do.

6              THE COURT:  Do you believe he is capable of

7    understanding the nature of these proceedings?

8              MR. CRETELLA:  Yes.

9              THE COURT:  Do you have any doubt as to the

10   defendant's competence to plead at this time.

11             MR. CRETELLA:  No, none at all.

12             THE COURT:  Have you advised your client of

13   the maximum sentence and fine that can be imposed, and

14   have you discussed with him the operation of the

15   Sentencing Guidelines and the role they play in the

16   sentencing process?

17             MR. CRETELLA:  At length, Your Honor.

18             THE COURT:  Thank you.

19

20             (Proceedings held in camera under seal

21   until further order of the Court)

22

23             THE COURT:  Mr. Miller, have you had an

24   opportunity to discuss your case with your attorney

25   and are you satisfied to have him represent you?

1          THE DEFENDANT:  Yes, I am.

2          THE COURT:  Have you received a copy of the

3     Indictment and read it?

4          THE DEFENDANT:  Yes, I have.

5          THE COURT:  Have you consulted with your

6     attorney about the charges in the Indictment?

7          THE DEFENDANT:  Yes, I have.

8          THE COURT:  And do you understand the charges

9     in the Indictment, sir?

10         THE DEFENDANT:  Yes, I do.

11         THE COURT:  In that case I want to talk with

12    you about what kind of rights you would be giving up

13    if you enter a plea of guilty.

14              The first and most important thing that

15    you must understand is that you do not have to plead

16    guilty, even if you are guilty.  Under our system of

17    law, the prosecutor has the burden of proving the

18    guilt of a defendant beyond a reasonable doubt, and if

19    the prosecutor is unable to meet this burden, the jury

20    has the duty to find the defendant not guilty, even if

21    he is guilty.

22              Do you understand that, sir?

23         THE DEFENDANT:  Yes, I do.

24         THE COURT:  It has sometimes happened that a

25    jury returns a verdict of not guilty even though

1  everyone in the courtroom thinks the defendant is

2  guilty.  What the jury is saying in those cases is not

3  necessarily that the defendant is innocent, but

4  rather, that the prosecutor has failed to meet his or

5  her burden of proving that the defendant is guilty.

6        Do you understand the difference, sir?

7        THE DEFENDANT:  Yes, Your Honor.

8        THE COURT:  I want to make it very clear to

9  you that even if you are guilty, you have a choice:

10  You may plead guilty, as you apparently now wish to

11  do, or you may say to the government, "prove your

12  case; meet your burden of proving my guilt beyond a

13  reasonable doubt," and the way you exercise that

14  option is by saying "not guilty" when the Court asks

15  you how you plead.

16        Do you understand that, sir?

17        THE DEFENDANT:  Yes, I do.

18        THE COURT:  Now, if you plead not guilty,

19  under the Constitution and laws of the United States

20  you are entitled to a speedy, public trial by a jury

21  with the assistance of counsel on the charges

22  contained in the Indictment.

23        Do you understand that, sir?

24        THE DEFENDANT:  Yes, I do.

25        THE COURT:  At the trial you would be presumed

1    innocent and the government would have to overcome

2    that presumption and prove you guilty beyond a

3    reasonable doubt by evidence that the Court determines

4    is admissible.  You would not have to prove that you

5    were innocent.

6              If the government were to fail, the jury

7    would have the duty to find you not guilty.

8              Do you understand that, sir?

9         THE DEFENDANT:  Yes, I do.

10        THE COURT:  In the course of a trial the

11   witnesses for the government would have to come to

12   court and testify in your presence and your counsel

13   would have the right to cross-examine the witnesses

14   for the government, to object to evidence offered by

15   the government, and to offer evidence in your defense.

16             Do you understand that, sir?

17        THE DEFENDANT:  Yes, I do.

18        THE COURT:  At a trial, while you would have

19   the right to testify if you chose to do so, you could

20   not be required to testify.  Under the Constitution, a

21   defendant in a criminal case cannot be forced to take

22   the witness stand at his trial and say anything that

23   could be used to show that he is guilty of the crimes

24   charged.  If you decided not to testify, the Court

25   would instruct the members of the jury that they could

1    not hold that against you.  And whether you testify or

2    not, you have the right to compel witnesses to come to

3    court to testify in your defense.

4                    Do you understand all of that, sir?

5          THE DEFENDANT:  Yes, I do.

6          THE COURT:  Now, on the other hand, if you

7    decide to plead guilty, I will have to ask you

8    questions about what you did so I can be certain that

9    you are guilty of the charge to which you seek to

10   plead guilty and you will have to answer my questions

11   and acknowledge your guilt.  As a result, you would be

12   giving up the rights that I have just described; in

13   particular, the right not to say anything that would

14   show that you are guilty of the crimes with which you

15   are charged.

16                    Do you understand that, sir?

17         THE DEFENDANT:  Yes, I do.

18         THE COURT:  If you plead guilty and I accept

19   your plea, you will be giving up your constitutional

20   right to a trial and the other rights that I have just

21   discussed.  There will be no trial of any kind and no

22   right to appeal the conviction.  The Court will simply

23   enter a finding of guilty and the basis of your guilty

24   plea.

25                    Do you understand that, sir?

1       THE DEFENDANT:  Yes, Your Honor.

2       THE COURT:  If your plea is accepted you will

3   be adjudged guilty of a felony offense and the result

4   may be to deprive you of certain rights, such as:  The

5   right to vote, the right to hold public office, and

6   the right to serve on a jury.

7               Do you understand that, sir?

8       THE DEFENDANT:  Yes, sir.

9       THE COURT:  You also understand that your

10  conviction will deprive you of the right to possess

11  any kind of firearm?

12      THE DEFENDANT:  Yes.

13      THE COURT:  Sir, do you understand that as a

14  consequence of your conviction, the Bureau of Prisons

15  or the United States Probation Office will collect a

16  DNA sample from you for analysis and indexing?

17      THE DEFENDANT:  Yes, Your Honor.

18      THE COURT:  Now, your plea today will work to

19  your disadvantage if, in the future, are you found

20  guilty of another crime because you could receive a

21  longer sentence at that time based on your conviction

22  of the crime you intend to plead guilty to today.

23              Do you understand how that would work,

24  sir?

25      THE DEFENDANT:  Yes, Your Honor.

1        THE COURT:  Let me ask you then, Mr. Miller:

2    Are you willing to give up your right to a trial and

3    the other rights that I have just discussed?

4        THE DEFENDANT:  Yes, Your Honor.

5        THE COURT:  Ms. Daly, is there a written plea

6    agreement?

7        MS. DALY:  There is, Your Honor.

8        THE COURT:  And have the defendant and his

9    counsel seen it?

10        MS. DALY:  They have, Your Honor.

11        THE COURT:  Is the defendant ready to execute

12    the plea agreement?

13        MS. DALY:  I believe he is.  The only thing I

14    omitted to say before is the defendant also faces a

15    special assessment of $100.

16        THE COURT:  I was going to cover that.

17        MR. CRETELLA:  Do you want him to sign the

18    plea agreement?

19        THE COURT:  Yes.  And I think there's also a

20    written cooperation agreement?

21        MR. CRETELLA:  That's correct.

22        MS. DALY:  Yes, there is.

23        THE COURT:  Then you can go ahead and sign

24    that as well.

25        (Pause.)

1          MR. CRETELLA:  Approach, Your Honor?

2          THE COURT:  Yes, please.

3          MR. CRETELLA:  You want the cooperation

4   agreement signed as well as the plea agreement?

5          THE COURT:  He can sign both and then I'll

6   just canvas him.

7          MR. CRETELLA:  Absolutely, Your Honor.

8          MS. DALY:  Your Honor, the defendant also

9   signed a plea petition.

10         THE COURT:  I'll take that in a moment once

11  I've canvassed him on that and a couple of other

12  points.

13              Mr. Miller, have you read the plea

14  agreement, sir?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  And do you understand it?

17         THE DEFENDANT:  Yes, I do.

18         THE COURT:  And have you discussed it with

19  your attorney?

20         THE DEFENDANT:  Yes, I have.

21         THE COURT:  I'm going to ask you a couple of

22  questions and then I'm going to ask the prosecutor to

23  outline the terms of plea agreement.  Then I'll ask

24  you some questions about the cooperation agreement and

25  I'll ask the prosecutor to outline the terms of the

1    cooperation agreement.

2              I guess I have a couple of things I want

3    to double-check with you.

4              On pages -- I believe it's the bottom of

5    page 4 going over to the top of page 5, under the

6    caption Waiver of Right to Appeal.

7         MR. CRETELLA:  Your Honor, we gave Your Honor

8    our only copy.

9         THE COURT:  Let me hand it back to you.  I've

10   inspected them both.

11        MR. CRETELLA:  Thank you.

12             Where are we, Your Honor?

13        THE COURT:  Bottom of page 4 going over to the

14   top of page 5, under the caption Waiver of Right to

15   Appeal.

16             I just want to confirm, Mr. Miller, that

17   you understand that a defendant ordinarily can appeal

18   and collaterally attack his sentence, but you are

19   agreeing that if the sentence in your case is a

20   non-custodial sentence of probation for not more than

21   three years and a $60,000 fine, you are giving up your

22   right to appeal and collaterally attack your sentence?

23        THE DEFENDANT:  Yes, Your Honor.

24        THE COURT:  Okay.  And also on page 4, the

25   paragraph that's just about in the middle makes

1   reference to a joint recommendation by the parties in

2   terms of recommending a sentence of probation to the

3   Court.

4           THE DEFENDANT:  Yes, Your Honor.

5           THE COURT:  I want to be certain you

6   understand that that recommendation is not binding on

7   the Court.  If I do not accept it, that does not allow

8   you to withdraw your plea.

9                   Do you understand that, sir?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  In that case I'm going to ask the

12  Assistant United States Attorney to outline the terms

13  of the plea agreement.  When she's finished I'll ask

14  you some questions about that and the cooperation

15  agreement.

16          MS. DALY:  Your Honor, the plea agreement sets

17  forth the offense for which the defendant will plead

18  guilty, which is one count of violation of 18 United

19  States Code 242, an excessive force count.  It also

20  sets forth the penalties, as I previously stated, a

21  10-year term, not a mandatory term, $250,000 fine,

22  three-year term of supervised release and a $100

23  special assessment.  There is no restitution in this

24  case that we're aware of, nor is there any forfeiture.

25                  The Sentencing Guidelines do apply.

1           The defendant would receive, assuming

2    this plea goes forward and he complies with the terms

3    of the plea agreement, he would receive credit for

4    accepting responsibility in this case.

5           There is also a factual Guidelines

6    stipulation which sets forth what the Guidelines are

7    in this case.  Would you like me to go through that

8    calculation?

9           THE COURT:  Yes, please.

10          MS. DALY:  The offense level under

11   Section 2H1.1A provides for a base offense level of

12   10.  That level is increased by six levels because the

13   offense was committed under the color of law.  And

14   that is under Section 2H1.1B.  That would lead to a

15   calculation of 16.  That is discounted by three levels

16   for the defendant's acceptance of responsibility

17   pursuant to 3E1.1.

18          As a result of that, the Guidelines

19   calculation would lead to a range of 12 to 18 months'

20   imprisonment, a fine of between $3,000 and $60,000,

21   and a supervised release term of up to three years.

22          As Your Honor also recognizes, the

23   government and the defense are making a joint,

24   non-binding recommendation to the Court under Rule

25   11(c)(1)(B) that the defendant receive a non-custodial

1    term of imprisonment.

2             The plea agreement then sets forth the

3    various rights that the defendant is waiving,

4    including his right to appeal, assuming that he does

5    receive the non-custodial sentence.  The government

6    reserves the right to address the Court with respect

7    to sentence and to respond to any questions raised

8    either by the Court or the probation officer.

9             The plea agreement then also sets forth

10   the specific rights that the defendant is waiving in

11   pleading guilty today, and that includes his right to

12   go to trial.  With respect to the statute of

13   limitations, the defendant agrees that should the

14   conviction be vacated for any reason, any prosecution

15   that's not currently time barred would not be time

16   barred at that time.

17            In the plea agreement the defendant also

18   acknowledges that he's pleading guilty freely and

19   voluntarily and that there are no other agreements

20   other than those set forth in this plea agreement and

21   in the cooperation agreement.  This agreement is

22   limited to the parties that signed the agreement and

23   cannot bind any other state, federal or local

24   authority.

25            The defendant further understands that he

would be adjudicated guilty of each offense to which

he pleads guilty and will lose certain rights,

including the right to vote, the right to hold public

office and to serve on a jury or possess firearms.

                If this plea is accepted by the Court, it

will satisfy the defendant's federal criminal

liability in this case.  And after sentencing, the

government will agree to dismiss Count 1 of the

Indictment provided that the defendant has not

breached either this plea agreement or the cooperation

agreement.

                And that is, in sum and substance --

there are some other details laid out in the written

plea agreement -- but that is the sum and substance of

the agreement.

          THE COURT:  Thank you.

                Mr. Miller, does the agreement with

respect to the plea as outlined by the Assistant

United States Attorney fully and accurately reflect

your understanding of the agreement you have entered

into with the government?

          THE DEFENDANT:  Yes, Your Honor.

          THE COURT:  In that case I want to ask you

about the agreement concerning the cooperation.

                Sir, have you read this agreement?

1          THE DEFENDANT:  Yes, I have, Your Honor.

2          THE COURT:  And do you understand it, sir?

3          THE DEFENDANT:  Yes, I do.

4          THE COURT:  Have you discussed it with your

5    attorney?

6          THE DEFENDANT:  Yes, I have.

7          THE COURT:  Do you understand that the

8    provision with respect to your cooperation requires

9    that all your cooperation be fully truthful, accurate

10   and complete, and that means 100 percent, not

11   90 percent, not 99 percent?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  I want to ask you about the

14   provision on page 2.  There's a provision that says if

15   it the government determines that you provided

16   substantial assistance, the government will file a

17   motion.  Do you understand that the decision as to

18   whether to file such a motion is one that's made by

19   the government?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  And that if your counsel and you

22   and I agree a motion should be filed, but the

23   government does not believe it should be filed, I

24   cannot order the government to file the motion?

25         THE DEFENDANT:  Yes, Your Honor.

1           THE COURT:  Likewise, do you understand that

2      the sentence to be imposed upon you remains within the

3      sole discretion of the sentencing judge.  So that even

4      if counsel for the government, you and your counsel

5      agree that a certain sentence is appropriate, the

6      Court is not bound by that?

7           THE DEFENDANT:  Yes, Your Honor.

8           THE COURT:  And sir, on page 3, could you

9      explain your understanding of what it means to breach

10     an agreement?

11          THE DEFENDANT:  If I violate any of the terms

12     that we've agreed upon, sir.

13          THE COURT:  You understand if you breach this

14     agreement, you would be worse off than if you never

15     attempted to cooperate at all?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  And the final point I want to

18     touch on with you is the last paragraph.  Sometimes

19     people have a conversation with someone with whom they

20     entered into a written agreement and they think

21     they've somehow modified the agreement by virtue of

22     the conversation.  I want to make sure you understand

23     that this provision provides that there will be no

24     modifications to this agreement unless they are set

25     forth in writing and the writing is signed by all the

1    parties to this agreement.

2              Do you understand that, sir?

3         THE DEFENDANT:  Yes, Your Honor.

4         THE COURT:  In that case I'm going to ask the

5    Assistant United States Attorney to outline the terms

6    of the -- the material terms of the cooperation

7    agreement.

8         MS. DALY:  Thank you, Your Honor.

9              Your Honor, the plea -- cooperation

10   agreement supplements the plea agreement that I

11   earlier described.  In substance, the defendant agrees

12   to cooperate fully with the government and special

13   agents of the FBI.  And he understands that his

14   cooperation, testimony, statements, information and

15   other assistance must be fully truthful, accurate and

16   complete.

17             The cooperation will include an agreement

18   to be debriefed and to fully disclose relevant

19   information, to testify truthfully before a grand jury

20   or a trial if asked to do so.

21             The defendant also agrees to cooperate

22   fully with the agents and the officers and participate

23   in active investigative techniques at their direction

24   and under their control.

25             The defendant expressly understands that

1     the sentence to be imposed upon him is in the sole

2     discretion of Your Honor.  The government cannot and

3     does not make any promise or representation as to what

4     sentence the defendant will receive, other than as

5     stated in this agreement reflecting the fact that we

6     will make a recommendation that there be a

7     non-custodial term.

8                 In addition, if the government determines

9     that the defendant has provided substantial assistance

10    in the investigation or prosecution of another person

11    who has committed an offense, the government will file

12    a motion under Section 5K1.1 of the Sentencing

13    Guidelines advising the Court and Probation of the

14    nature and extent of the defendant's cooperation.

15                The government -- except as provided

16    below, the government will not use any information

17    disclosed by the defendant during the course of this

18    cooperation on any subsequent, unrelated criminal

19    prosecution.  And the one exception would be if there

20    was a breach of the plea agreement.

21                If the government determines that the

22    defendant has intentionally given false, misleading or

23    incomplete information, or testimony, has committed or

24    attempted to commit any further crimes, has failed to

25    cooperate fully, or otherwise has violated any

1    provision of this agreement, the government will deem

2    the agreement null and void and at that point the

3    defendant would not be allowed to withdraw his plea of

4    guilty and the government would be able to prosecute

5    him of any of the crimes in the current Indictment and

6    any other crimes that the government were able to

7    prove.

8              That is the sum and substance of the

9    cooperation agreement, Your Honor.

10             THE COURT:  Thank you.

11             Mr. Miller, does the agreement with

12   respect to the cooperation as outlined by the

13   Assistant United States Attorney fully and accurately

14   reflect your understanding of the agreement you've

15   entered into with the government concerning your

16   cooperation?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  Other than the promises contained

19   in the written agreements, has anyone made any

20   promises that are causing you to plead guilty or

21   causing you to waive your right to appeal or

22   collaterally attack your sentence?

23             THE DEFENDANT:  No, Your Honor.

24             THE COURT:  Has anyone made any threats

25   against you or is anyone in any way forcing or

1   otherwise coercing you to plead guilty or to waive

2   your right to appeal or collaterally attack your

3   sentence?

4          THE DEFENDANT:  No, Your Honor.

5          THE COURT:  Ms. Daly, is the government going

6   to file the plea agreement and cooperation agreement

7   today or file it subsequently?

8          MS. DALY:  We will file it today, Your Honor.

9          THE COURT:  I believe Mr. Cretella has the

10  originals.

11         MR. CRETELLA:  Yes, I do.

12         THE COURT:  So we'll take those now.

13            Mr. Miller, I want to review with the

14  maximum sentence that could be imposed in your case.

15            Do you understand that if you plead

16  guilty you could receive a sentence of imprisonment

17  for as long as 10 years?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  Do you understand that you also

20  face a supervised release term of as much as three

21  years, and if you violate any condition of supervised

22  release the Court then could sentence you to

23  additional time in prison of up to two years?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  Do you understand that you may be

1    assessed a fine in the amount of up to $250,000?

2            THE DEFENDANT:  Yes, Your Honor.

3            THE COURT:  Do you understand that I could

4    order you to pay restitution to the victims of your

5    offense?

6            THE DEFENDANT:  Yes, Your Honor.

7            THE COURT:  And do you understand that I must

8    impose a mandatory special assessment of $100?

9            THE DEFENDANT:  Yes, Your Honor.

10            THE COURT:  I'm going to give you a little

11    background about how the sentencing process works.

12            In imposing a sentence in the federal

13    courts, judges are required to consider a list of

14    factors that are set forth in a section of the law

15    known as Section 3553(a) of Title 18 of the United

16    States Code.  Those factors include the Sentencing

17    Guidelines.  The sentencing judge is required to

18    consider the Sentencing Guidelines in determining the

19    particular sentence to be imposed.  But the guidelines

20    are advisory; that is, they suggest a sentence is

21    ordinarily appropriate.  The Court is not required to

22    impose that sentence.

23            Thus, a judge must consider the

24    sentencing range calculated using the Guidelines in

25    determining the sentence to impose upon you, but the

1    judge must consider that Guideline sentencing range

2    along with all the other factors in Section 3553(a).

3                    Do you understand that, sir?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  Also, in performing the guidelines

6    calculation, the sentencing judge must:

7                    First, determine the sentencing range

8    that would typically result from the combination of

9    your particular offense and your criminal history.

10                    And second, determine whether there are

11   facts about your case that would lead the Court to

12   conclude that a higher range or a lower range is the

13   appropriate recommendation under the Sentencing

14   Guidelines.

15                    Do you understand all of that, sir?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  I want to emphasize that until the

18   time of sentencing, when the Court has received a

19   Presentence Report about you and has heard from you

20   and from your attorney and from the government, you

21   cannot know with certainty what the recommended

22   sentencing range calculated using the Sentencing

23   Guidelines will be, or know how much weight the Court

24   will put on which particular factors under the

25   statute, including the Sentencing Guidelines.

1    Do you understand that, sir?

2    THE DEFENDANT:  Yes, Your Honor.

3    THE COURT:  Do you also understand that if I

4    do not accept any recommendation in your plea

5    agreement related to the Sentencing Guidelines, you

6    will still be bound by your plea; that is, you will

7    have no right to withdraw your plea?

8    THE DEFENDANT:  Yes, Your Honor.

9    THE COURT:  Mr. Miller, have you discussed

10   with your attorney how the Sentencing Guidelines

11   relate to your case?

12   THE DEFENDANT:  Yes, I did.

13   THE COURT:  And has your attorney explained to

14   you how your sentence may be determined?

15   THE DEFENDANT:  Yes.

16   THE COURT:  And do you understand that I am

17   not bound by any explanation or recommendation made by

18   your attorney or by the government?

19   THE DEFENDANT:  Yes, Your Honor.

20   THE COURT:  Thank you.

21   Mr. Cretella --

22   MR. CRETELLA:  Yes, Your Honor.

23   THE COURT:  -- I want to confirm with you that

24   you have discussed with your client how the Sentencing

25   Guidelines relate to his case and explained to him how

1    the sentence may be determined?

2              MR. CRETELLA:  Yes, Your Honor.

3              THE COURT:  And also that you have informed

4    your client that I am not bound by your estimate or

5    explanation, or the terms of the plea agreement, or

6    any recommendation from the government?

7              MR. CRETELLA:  We have, Your Honor.

8              THE COURT:  Thank you.

9                   Mr. Miller, I note that you are

10   indicating that you wish to plead guilty to one count

11   of deprivation of civil rights.  You have the right to

12   have charge in the Indictment read to you at this

13   time.  You may, however, choose not to have the charge

14   read to you; in other words, you may waive a reading

15   of the charge.

16                  Mr. Cretella, have you discussed with

17   your client whether he wishes to waive a reading of

18   the charge?

19             MR. CRETELLA:  I have not, Your Honor.  Can I

20   have one minute?

21             THE COURT:  Certainly.

22                  (Pause.)

23             MR. CRETELLA:  Yes, we've conferred about

24   that, Your Honor.

25             THE DEFENDANT:  I'll waive it, Your Honor.

1          THE COURT:  Okay.

2                    At this time then, sir, I'm going to

3     explain to you the elements of the offense to which

4     you intend to plead guilty.  By "elements of the

5     offense," I mean those facts that the government would

6     have to prove beyond a reasonable doubt before you

7     could be convicted were you to decide not to plead

8     guilty and you instead proceeded to trial.  I want you

9     to bear in mind that the government would have to

10    prove each of those facts by persuading a jury of 12

11    persons that those facts were true beyond a reasonable

12    doubt.

13                    Do you understand that, sir?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  To prove that you are guilty of

16    deprivation of civil rights the government would have

17    to prove beyond a reasonable doubt:

18                    First, that on January 3, 2010, you acted

19    under color of law.

20                    Second, that in so doing, you deprived or

21    caused to be deprived an individual referred to as ND

22    of his right which is protected by the Constitution of

23    the United States to be free from the use of

24    unreasonable force by a law enforcement officer.

25                    Third, that you acted willfully.

1          And fourth, that your conduct caused

2    injury to ND.

3          Do you have any questions as to these

4    elements of the offense, sir?

5          THE DEFENDANT:  No, Your Honor.

6          THE COURT:  In that case, Mr. Miller, we're

7    going to turn to your conduct that brings us here

8    today.

9          At this time I would like you to stand,

10   sir.

11         Mr. Miller, would you please tell me in

12   your own words what you did that shows that you are in

13   fact guilty of the charge to which you are now

14   offering to plead guilty.

15         MR. CRETELLA:  Your Honor, he is reading

16   something but it is something he prepared himself.

17         THE COURT:  I understand.  That's fine.

18         THE DEFENDANT:  On January 3rd, 2010, while on

19   duty in the area of Thompson Street, East Haven,

20   Connecticut, I struck ND, who was under arrest,

21   handcuffed and secured with two officers.

22         THE COURT:  And your conduct caused injury to

23   ND?

24         (Pause.)

25         MR. CRETELLA:  I guess it's hard for him to

1  determine that.  I think the defendant -- I don't know

2  if Mr. Miller has specific knowledge that it caused --

3          THE DEFENDANT:  I'm not aware of any injuries,

4  Your Honor.

5          MR. CRETELLA:  However, I think the evidence

6  probably would have shown that injury was caused.

7          MS. DALY:  Your Honor, perhaps I can add to

8  that a bit?

9          THE COURT:  Yes.

10          MS. DALY:  Our understanding is the government

11  only needs to show that there was injury, some kind of

12  physical injury.  It can be temporal or minor.  And

13  physical pain alone would suffice.  In this case the

14  victim would testify that he suffered physical pain as

15  a result of this striking.

16          THE COURT:  Well, why don't I have an

17  explanation of exactly what the defendant did so I can

18  conclude that it is something that would have caused

19  physical pain.

20          When it says "struck," can you be more

21  specific?

22          THE DEFENDANT:  I jabbed him in the chest

23  area, Your Honor.

24          THE COURT:  All right.  Thank you, sir.

25          THE DEFENDANT:  I take full responsibility for

1    my actions.  I apologize to the Court and everybody

2    else.  My emotions got the best of me.

3             THE COURT:  Thank you, sir.

4             Mr. Miller, at this time I'm going to ask

5    the prosecutor to summarize what you did that makes

6    you guilty of the charge to which you intend to plead

7    guilty, and to also summarize the government's

8    evidence as to that charge.  Please listen carefully

9    because when she is finished I will ask you whether

10   you agree with the prosecutor's summary of what you

11   did.

12            Do you understand that, sir?

13            THE DEFENDANT:  Yes, Your Honor.

14            THE COURT:  Ms. Daly.

15            MS. DALY:  Your Honor, the government would

16   have to prove that while acting under color of law

17   that the defendant, John Miller, assaulted ND, and

18   that this resulted in ND's bodily injury, willfully

19   depriving ND of a right secured and protected by the

20   Constitution of the United States to be free from the

21   use of unreasonable force by a law enforcement

22   officer.

23            In this case what the evidence would

24   show -- and the evidence would come from the victim as

25   well as multiple police officers who were present and

```
1     witnessed the assault -- that ND had been arrested.
2     He was in the secure custody of two other officers,
3     one who was on each side of him, and his hands were
4     handcuffed behind his back.  At that time Sergeant
5     Miller approached him and struck him in the stomach
6     area.  The victim would testify that he lost his
7     breath and was in pain at that time and fell over to
8     the extent he could.
9               THE COURT:  Thank you.
10                   Mr. Miller, do you agree with the
11    prosecutor's summary of what you did, sir?
12              THE DEFENDANT:  Yes, Your Honor.
13              THE COURT:  Is there anything the prosecutor
14    said with which you disagree?
15              THE DEFENDANT:  No, Your Honor.
16              THE COURT:  Then, Mr. Cretella, this would be
17    the appropriate time for your client to sign and
18    submit the petition.
19                   (Pause.)
20              MR. CRETELLA:  Approach, Your Honor?
21              THE COURT:  Yes, please.
22                   Ms. Daly, I assume you've had an
23    opportunity to review the petition?
24              MS. DALY:  I have, Your Honor.
25                   (Pause.)
```

1        THE COURT:  I'll ask that the petition be

2   filed.

3        Mr. Miller, it's now time for you to

4   enter your plea.

5        Would you please stand, sir.

6        Again, I will have the charge read to you

7   unless you waive a reading of the charge.  Do you

8   waive a reading of the charge?

9        THE DEFENDANT:  Yes, Your Honor.

10       THE COURT:  Madam Clerk, would you please put

11  the defendant to plea.

12       THE CLERK:  In the matter of United States of

13  America versus John Miller, case number 3:12CR17(AWT),

14  as to Count 10 of the Indictment charging you all in

15  violation of Title 18 United States Code Section 242,

16  how do you plead?

17       THE DEFENDANT:  Guilty.

18       THE CLERK:  Your Honor, the defendant has pled

19  guilty to Count 10 of the Indictment.

20       THE COURT:  Thank you.

21       Please be seated, sir.

22       On the basis of the petition, which the

23  defendant has signed, and the accompanying certificate

24  of counsel, the answers given by the defendant under

25  oath, on the record in the presence of his counsel to

1    the questions of the Court, the remarks of defense

2    counsel, and the remarks of the Assistant United

3    States Attorney, I hereby find that the defendant is

4    competent to plead, that he knows his right to a

5    trial, and that he knows what the maximum possible

6    sentence is, and that there will be a recommended

7    sentencing range determined pursuant to the Sentencing

8    Guidelines.

9              I find also that there is a factual basis

10   for the defendant's plea and that he is entering his

11   plea voluntarily, knowingly and of his own free will.

12             Accordingly, a finding of guilty shall

13   enter forthwith as to Count 10 of the Indictment and

14   this case is referred to the United States Probation

15   Office for a presentence investigation.

16             Mr. Miller, a United States Probation

17   Officer will contact you and arrange to prepare a

18   presentence about you and this report will be

19   submitted to the Court to assist it in determining the

20   appropriate sentence in your case.  You should be

21   aware that the probation officers work for the court,

22   they do not work for the prosecution.  Also, it is a

23   good idea to consult with your attorney before you are

24   interviewed about what types of information are

25   included in a Presentence Report so you can be

1    prepared during the interview because the Presentence

2    Report is very important in the process of determining

3    your sentence.

4              Do you understand that, sir?

5         THE DEFENDANT:  Yes, Your Honor.

6         THE COURT:  I'll talk about the timing of the

7    Presentence Report in a moment when we talk about a

8    date for sentencing.

9              Mr. Cretella, is there an application for

10   continued release pending sentencing --

11        MR. CRETELLA:  There is, Your Honor.

12        THE COURT:  -- under Section 3143?

13        MR. CRETELLA:  Correct.

14        THE COURT:  And my understanding is that the

15   defendant has been in compliance.  I haven't received

16   any reports to the contrary.

17        MS. DALY:  That's correct.

18        THE COURT:  And I've reviewed the current

19   conditions of release.  I haven't received any reports

20   that they should be modified.

21             Is the government aware of anything to

22   the contrary?

23        MS. DALY:  No, Your Honor.

24        THE COURT:  In that case the application for

25   release pending sentencing is granted and the

1    defendant will remain at liberty on the conditions

2    that are currently in effect.

3              Now, have counsel discussed -- our normal

4    schedule would put sentencing at December 10.  Do

5    counsel want me to enter a scheduling order that

6    contemplates that sentencing date or should it be a

7    date that's further out?

8         MR. CRETELLA:  I would suggest a further out

9    date, Your Honor.  Maybe even as far as the beginning

10   of February.

11        MS. DALY:  That's fine.

12        THE COURT:  Why don't we take -- I don't have

13   a calendar in front of me -- February 1st, 2nd, 3rd?

14        MR. CRETELLA:  The 1st is a Friday.

15        THE COURT:  February 1st.  Okay.  So I will

16   issue the standard order with respect to deadlines for

17   preparation of the Presentence Report and the

18   disclosures.

19             Mr. Miller, you shall voluntarily appear

20   for sentencing on February 1, 2013 at 9:00 a.m. here

21   in the south courtroom.

22             Does anyone have any questions or

23   concerns regarding the schedule for sentencing?

24        MS. DALY:  No, Your Honor, not at this time.

25        MR. CRETELLA:  Neither does the defense, Your

1   Honor.

2           THE COURT:  Mr. Miller, do you understand that

3   a failure to appear for sentencing may subject you to

4   additional penalties for the offense of failure to

5   appear or for violation of a court order?

6           THE DEFENDANT:  Yes, Your Honor.

7           THE COURT:  And Mr. Cretella, have you advised

8   your client as to what the possible sanctions are

9   should he fail to appear in Court when ordered to do

10  so?

11          MR. CRETELLA:  Yes, Your Honor.

12          MS. DALY:  Your Honor, if I could just say

13  there may be at a later data a request to adjourn the

14  sentence, but at this point it's a fine control date.

15          THE COURT:  That's what I was taking it as.

16              Is there any further business before we

17  adjourn?

18          MS. DALY:  No, Your Honor.  Thank you again

19  for accommodating us.

20          MR. CRETELLA:  No, Your Honor.

21          THE COURT:  Thank you both.

22              (Proceedings adjourned at 5:15 p.m.)

23

24

25

1                    C E R T I F I C A T E

2

3              UNITED STATES V. JOHN MILLER

4                    3:12CR00017(AWT)

5

6

7              I, Corinna F. Thompson, RPR, Official

8      Court Reporter for the United States District Court

9      for the District of Connecticut, do hereby certify

10     that the foregoing pages, pages 1-39, are a true and

11     accurate transcription of my shorthand notes taken in

12     the aforementioned matter on September 21, 2012, to

13     the best of my skill and ability.

14

15

16

17

                    /s/_____

18

                      CORINNA F. THOMPSON, RPR
19                     Official Court Reporter
                      450 Main Street, Room #225
20                    Hartford, Connecticut 06103
                         (860) 547-0580
21

22

23

24

25